# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ELIZABETH A. OMOLEWU, | : | Case No. 3:17-cv-00039 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| LAKEVIEW LOAN SERVICING, LLC, et al., | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

At the start of this case, Plaintiff Elizabeth A. Omolewu claimed that two home-mortgage servicers, Defendants Lakeview Loan Servicing, LLC and Cenlar FSB, FC-236, violated her rights under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2605, *et seq.*, and related regulations. In an Amended Complaint, Omolewu boiled her claims down to a single Count under RESPA. Her requested relief states, in part, "F. Award Ms. Omolewu the costs of litigation, including filing fees and costs. G. Award Ms. Omolewu her attorney fees." (Doc. #6, *PageID* #99).

In response to Omolewu's Amended Complaint, Defendants filed a Joint Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Before this Joint Motion became fully briefed, Defendants extended an offer of judgment to Omolewu. The offer, through an email sent by Defendants' counsel, stated:

Lakeview and Cenlar have just authorized me to make a Rule 68 offer of

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

> judgment in this matter in the amount of $10,000.00. If your client accepts, we will file an agreed judgment entry reflecting the judgment in the amount of 10k in favor of Ms. Omolewu.

(Doc.#28, *PageID* #208).

Omolewu accepted Defendants' offer of judgment, and the Court directed the Clerk to enter judgment in favor of Plaintiff, "thus terminating the captioned cause upon the docket records of the United States District Court for the Southern District of Ohio." (Doc. #29). The judgment ended the litigation except for Omolewu's post-judgment, and presently pending, Motion for Attorney Fees (Doc. #31), Defendants' Memorandum in Opposition (Doc. #33), and Omolewu's Reply (Doc. #34). Omolewu asks the Court to award her reasonable attorney fees totaling $32,937.00.

Omolewu's acceptance of Defendants' offer of judgment entitles her to recover her "costs." *See* Rule 68(a); *see also Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012 (1985) (emphasis added in *Marek*). "It is immaterial whether the [Rule 68] offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all." *McCain v. Detroit II Auto Finance Center*, 378 F.3d 561, 564 (6th Cir. 2004) (quoting *Marek*, 473 U.S. at 6, 105 S.Ct. 3012). Consequently, although Defendants' Rule 68 offer did not include the word "costs" or refer to costs, Omolewu is entitled to recover her costs. *See McCain*, 378 F.3d at 564 ("[Appellee's] silence on the subject of costs in its Rule 68 offer means that true costs are recoverable by McCain, so that the district court erred in disallowing them.").

Building on this foundation, Omolewu seeks an award of attorney fees as part of a Rule 68 award of costs. Here, she encounters a linguistic snag: "Rule 68 itself speaks only

2

of 'costs' as such and not in terms of 'attorney's fees'…." *Id*. (citing *Marek*, 473 U.S. at 9, 105 S.Ct. 3012). This omission forces Omolewu to locate a different mine in which to dig for attorney fees to include in an award of Rule 68 "costs." *Marek* addressed this situation, explaining:

> [T]he term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

*Marek*, 473 U.S. at 9, 105 S.Ct. 3012. (citations omitted).

Omolewu correctly mines RESPA for attorney fees as the relevant and underlying substantive statute in this case. She contends that RESPA—specifically, 12 U.S.C. § 2605(f)(3)—provides for costs that include attorney fees.

Defendants maintain that § 2605(f)(3)'s reference to costs does not include attorney fees, but instead "plainly treats fees and costs as distinct elements of recovery." (Doc. #33, *PageID* #351).

The RESPA provision at issue states:

(f) Damages and costs

Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

∗ ∗ ∗

(3) Costs

In … the case of any successful action under this section, the costs of the action, ***together with any attorneys fees*** incurred in connection with such action as the court may determine to be reasonable under the circumstances.

3

12 U.S.C. § 2605(f)(3) (emphasis added).

Omolewu equates § 2605(f)(3)'s reference to "costs … together with attorney fees" with "costs including attorney fees" under the plain-meaning rule. She further contends that construing § 2605(f)(3) is warranted because RESPA is a remedial statute that is construed broadly to effectuate its purpose.

Defendants separate attorney fees from costs by reading § 2605(f)(3)'s phrase "costs … together with any attorney fees…" as synonymous with "costs in addition to any attorney fees." (Doc. #33, *PageID* #351).

Defendants' reading of § 2605(f)(3) is in line with Sixth Circuit's reading of similarly worded statutes. To be clear, there does not appear to be a Supreme Court or Sixth Circuit case holding that § 2605(f)(3) either includes or excludes attorney fees as Rule 68 costs. Guidance is scant from cases outside the Sixth Circuit. Yet in *McCain*, the Sixth Circuit considered whether Rule 68 costs included attorney fees by way of two federal statutes—the Truth in Lending Act, 15 U.S.C. § 1640, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691. *McCain* held that these statutes provided "two separate elements of recovery…." 378 F.3d at 565 (citing 15 U.S.C. §§ 1640(a)(3) and 1691e(d)). The crucial language voiced the distinction as follows: "costs of the action, ***together with*** a reasonable attorney's fee…." 15 U.S.C. §§ 1640(a)(3), 1691e(d) (emphasis added). So it is under RESPA, which allows "the costs of the action, ***together with*** any attorneys fees…." 12 U.S.C. § 2605(f)(3) (emphasis added), thus detaching attorney fees from costs.

One case from outside the Sixth Circuit, *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1334 (11th Cir. 2002), although not controlling in the present case, is persuasive for

two reasons: First, the RESPA section at issue in *Pedraza,* 12 U.S.C. § 2607(d)(5), contains the "together with" phrase when referring to costs and attorney fees. It—like § 2605(f)(3) at issue in the present case—allows costs "together with reasonable attorneys fees," § 2607(d)(5). Second, *Pedraza* convincingly explains: "Simply stated, the words 'together with' are substantively and critically different from the phrase 'as part of.' Whereas the latter phrase plainly encompasses attorneys' fees *within* the universe of awardable costs, the former connotes that costs and fees are distinct entities that are commonly awardable." 313 F.3d at 1334 (emphasis in original). Omolewu contends that *Pedraza* is distinguished from the present case because it interpreted a completely different provision, RESPA's anti-kickback provision, rather than § 2605(f)(3). This difference, however, is insignificant. The pertinent language in both RESPA provisions allow costs "together with" attorney fees and are therefore substantively the same. Consequently, *Pedraza* persuasively advances the view that § 2605(f)(3) does not include attorney fees as costs awardable under Rule 68.

Omolewu grounds her plain-meaning argument on The Oxford English Thesauras, which lists "synonyms for 'including' as: 'which include, which includes, inclusive of, counting, as well as, plus, *together with*.'" (Doc. #34, *PageID* #363) (Plaintiff's emphasis) (quoting https://en.oxforddictionaries.com/thesaurus/including). A thesaurus is a dubious source for determining the precise definition of a word or phrase given that its function is to list synonyms, some of which will be close in meaning rather than identical. Dictionaries— the better source, of course, for definitions—define the phrase "together with" consistent with the definition recognized in *McCain* and *Pedraza*. The English Oxford Living Dictionary (U.S. edition) defines the phrase "together with" to mean "as well as; along

5

with." https://en.oxforddictionaries.com (search for: "together with").  Merriam-Webster's Dictionary defines "together with" to mean "in addition to; in association with." https://www.meriam-webster.com (search for: "together with").  Under these definitions, Omolewu's plain-meaning argument lacks merit.[2]

Omolewu asserts that the Sixth Circuit has already determined that "together with" means "including."  (Doc. #34, *PageID* #364).  She refers here to *Cain Restaurant Co. v. Carrols Corp*., 273 F. App'x 430, 436 (6th Cir. 2008).  But *Cain* is not a RESPA case and did not interpret any federal statute finding "costs together with attorney fees" to mean "costs including attorney fees."  Rather, *Cain* was a contract case arising under Michigan law concerning the word "Premises" as used in a particular lease agreement.  The issue was whether "Premises" under the lease agreement included not only the land but also the buildings on the land.  The Sixth Circuit carefully reviewed all the provisions of the contract and noted in part, "the terms 'Premises' and 'Buildings' can be interpreted as mutually exclusive.  The preamble states, after all, that Carrols 'lease[s] … the 'Premises' … *together with* … the 'Building.'"  273 F. App'x at 434 (emphasis in original).  In support of this, the Court of Appeals cited Merriam-Webster's Collegiate Dictionary 1240 (10th ed. 1993) and parenthetically noted it defined "'together with' as 'in addition' to."  273 F. App'x at 434.

If *Cain* ended there, it would support the opposite conclusion Omolewu seeks to

---

[2] Justice Brennan's appendix attached to his *Marek* dissent provides further support.  His appendix explains, "*Statutes that do not refer to attorney's fees as part of the costs.*  Many … fee statutes do not describe fees 'as' costs, but instead as an item separate from costs.  Typical formulations include 'costs and a reasonable attorney's fee,' 'costs ***together with*** a reasonable attorney's fee," and "costs, expenses, and a reasonable attorney's fee."  Under the Court's 'plain language' approach, none of these formulations "defin[e] 'costs' to include attorney's fees."  *Marek*, 473 U.S. at 43 (emphasis added).

6

glean from it.  Omolewu avoids this by focusing on the Sixth Circuit's conclusion in *Cain* that despite the "together with" language in the lease agreement's preamble, "the lease read as a whole informs that the parties understood that 'Premises' includes buildings…." *Cain*, 273 F. App'x at 436.  *Cain*, thus, turned on the parties' intended meaning found in the language of their lease agreement.  C*ain* did not determine—as Omolewu sees it—that "together with" always means "including" or would control the meaning of the phrase as it is used in a federal statute such as RESPA, §2605(f)(3).

Omolewu contends that RESPA is a remedial statute that is broadly construed to effect its purpose and, consequently, its allowance of costs should include attorney fees.  She is correct that RESPA is a remedial statute that is generally construed to effect its purpose.  *Marais v. Chase Home Finance, LLC*, 24 F.Supp.3d 712, 719 (S.D. Ohio 2014) (citing, in part, *Carter v. Welles–Bowen Realty, Inc.,* 553 F.3d 979, 985–86, n. 5 (6th Cir.2009)).  This does not help Plaintiff, however, because it does not alter the "together with" language in RESPA, § 2506(f)(3), with which Congress chose to separate costs from attorney fees.

Retuning to *Marek*, it explains that for more than 85 years, federal statutes had authorized an award of "costs" to prevailing parties.  "Such 'costs' generally had not included attorney's fees—under the 'American Rule,' each party had been required to bear its own attorney's fees."  473 U.S. at 8.  The Court identified several statutory exceptions to the American Rule.  Unlike RESPA, 2605(f)(3), those statutes did not include the "costs together with attorney fees" language at issue in the present case.  Two examples from *Marek* make the point:  the Communications Act of 1934 allowed an award of "'a

reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit'"; and, the Copyright Act allowed an award of "'a reasonable attorney's fee as part of the costs.'" *Marek*, 473 U.S. at 8 (citations omitted). Such obviously inclusive language is not present in RESPA, §2605(f)(3). *Marek*'s holding also helps make the point. "Since Congress expressly included attorney's fees as 'costs' [under 42 U.S.C. § 1988] available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68." *Id*. at 9. The present case involves *Marek's* corollary: Where a statute—like RESPA, § 2605(f)(3)— does not capture attorney fees within its universe of costs, attorney fees are not "costs" under Rule 68 and such attorney fees are not subject to Rule 68's cost-shifting provision.

Accordingly, RESPA, §2605(f)(3) does not include attorney fees as awardable "costs" and, as a result, RESPA does not support an award of attorney fees as "costs" under Rule 68.[3]

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Attorney Fees (Doc. #31) be denied; and
2. The case remain terminated on the Court's docket.


May 24, 2018                                                 *s/Sharon L. Ovington*
                                                                               Sharon L. Ovington
                                                                               United States Magistrate Judge

---

[3] Because Plaintiff's Motion lacks merit, there is no need to reach Defendants' contention that she does not seek a reasonable amount of attorney fees.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).